CHARLES C. DUNCAN, APPELLANT, *v.* GEORGE JONES,
AS TREASURER OF THE ASSOCIATION PUBLISHING THE "NEW YORK
TIMES," RESPONDENT.

*Actions against the president or treasurer of an unincorporated association — the officer
so sued cannot be examined as a party before trial — Code of Civil Procedure, secs.
870, 1919 — as to what actions, against unincorporated associations, may be brought
against their president or treasurer.*

When an action to recover damages for the publication of a libel is brought
against the treasurer of an unincorporated association, as authorized by sec-
tion 1919 of the Code of Civil Procedure, the person so named as treasurer is
not a party to the action within the meaning of section 870 of the Code of
Civil Procedure, authorizing the examination of parties before trial.

*Semble,* that an order for his examination as a witness, under subdivision 5 of
section 872 of the said Code might, in a proper case, be made.

*Quære,* as to whether the said section 1919 is applicable to an action for libel, or
whether it is applicable only to actions brought for the assertion of property
rights strictly so-called. (Per BARNARD, P. J.)

APPEAL by the plaintiff from an order made at a Special Term,
vacating an order previously made requiring the defendant George
Jones to appear and submit to an examination as to certain matters.

The action is for libel. The defendant is sued as treasurer of a
joint stock association, under the statute. (Code, § 1919.)

The complaint avers the facts necessary to the bringing of such an
action, viz., that the defendant is the treasurer of such an associa-
tion, and that the same consists of more than seven persons.

The answer, while averring that there is an "association publish-
ing the New York Times," denies the above allegations of the
complaint..

The facts, as to which the defendant was ordered to be examined,
were: 1. The existence of the joint-stock association; 2. That it
consisted of seven or more members; and 3. That the defendant
is its treasurer.

The ground on which the order for the defendant's examination
was vacated, was that he could not be required to testify to any
facts essential to sustain an indictment against himself and his asso-
ciates for the alleged libel, and that the composition of the associa-
tion was such a fact.

*R. D. Benedict,* for the appellant.

*B. F. Einstein,* for the respondent.

BARNARD, P. J.:

The defendant named in the summons and complaint is not a party to an action within the meaning of sections 870 and 872 of the Code. The action is one for damages sustained, for an alleged libel published in the New York Times of and concerning the plaintiff. It is brought against George Jones, as treasurer, under section 1919 of the Code of Civil Procedure. When a copartnership or joint-stock association is composed of more than seven persons, this section provides that an action may be brought against the president or treasurer of the unincorporated association who represents, for the purpose of the action, the association itself. The president or treasurer need not be a member of the association, as owner of stock, or be a person interested in the partnership. His death does not terminate the action, nor does the death of any stockholder or owner have that effect. If a treasurer die, or is removed, his successor, or the president, must be named in his place. The treasurer, in the present case, is not averred to be a person interested in the paper, except as treasurer. No judgment goes against him individually; he cannot be arrested. No execution can be issued upon the judgment against his property or person. It does go against the personal property of the association only. (Code, §§ 1920, 1921). What effect may be given to his answer, thus legally sued and standing for the association, is a question not before us. He can admit nothing outside of the answer, to bind the owners. The statute is designed to reach a party who represents the issue. Can the treasurer admit, other than by answer, who the owners are?

The application was not framed to call for his examination as a witness, who is not a party under subdivision 5 of section 872. The affidavit may be full enough to justify an order to examine the treasurer as a witness. Neither as party or witness is he exempt from examination upon the papers presented. A treasurer is not necessarily one of the association. If he is an owner, then he cannot be compelled to testify to any fact which tends to convict him of a criminal offense. Proof that he was an

owner in the association wo ild be such a fact. The witness can assert his privilege when examined. The judge did not pass upon the question of the sufficiency of the affidavit as to witnesses. The order should be affirmed, because he is not the party to the action in the technical sense required by section 870 under which the order was issued

There is a serious question whether an action of this nature can be brought against a treasurer under section 1919. That section is based upon chapter 258, Laws of 849. The suits were permitted for or against a treasurer of a joint-stock company by that act, with like effect as if all sued or were sued "as regards the joint rights, property and effects of such joint-stock company." Does this language cover a libel published by the association, or is it confined to the assertion of property rights, strictly so-called? This question can more properly be determined at the trial.

Order affirmed, with costs and disbursements.

Dykman and Pratt, JJ., concurred.

So ordered.